UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | **5:26-cv-02051-HDV-ACCV** | Date | July 28, 2026 |
| Title | ***Carlotta Sagerholm v. CVS Pharmacy, Inc., et al.*** | | |

| | |
|---|---|
| Present: The Honorable | Hernán D. Vera, United States District Judge |

| | |
|---|---|
| Wendy Hernandez | Not Reported |
| Deputy Clerk | Court Reporter |
| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
| Not Present | Not Present |

**Proceedings:** **(IN CHAMBERS) ORDER DENYING PLAINTIFF'S MOTION FOR REMAND [13]**

## I. INTRODUCTION

Plaintiff Carlotta Sagerholm alleges that while walking in one of Defendant CVS Pharmacy's ("CVS") stores, she tripped on a wooden pallet, fell, and suffered injuries. CVS removed this personal injury action from state court based on federal diversity jurisdiction. Notice of Removal [Dkt. No. 1]. CVS's Notice of Removal asserts that Defendant Nakano is a sham defendant whose California citizenship should be ignored for diversity purposes.

Before the Court is Plaintiff's Motion to Remand ("Motion"). [Dkt. No. 13]. Plaintiff argues that the Complaint alleges a viable claim against Defendant Nakano because he purportedly had supervisory responsibilities over store operations during the relevant time period when the accident occurred.

For the reasons discussed below, the Motion is denied. CVS proffers unrebutted evidence that Defendant Nakano did ***not*** work at the CVS store at issue here and therefore has absolutely no connection to the asserted claims. The Court rejects Plaintiff's position that diversity is defeated now merely because some unnamed manager may be identified and added later in the litigation.

## II. BACKGROUND

Plaintiff is a citizen of California. Motion at 7. CVS is a citizen of Rhode Island.[1] Notice of Removal [Dkt. 1-5.] The Complaint pleads no specific facts whatsoever about Defendant Ronald Nakano. Complaint [Dkt. 1-2]. The Motion states that Nakano is a citizen of the state of California and that he was a "pharmacy manager for CVS Pharmacy" at the time and location of Plaintiff's incident. Motion at 7, 8. The Complaint names Doe Defendants and pleads generally that "as the owners, operators, managers, controllers, or otherwise responsible for maintenance, inspections, warnings, or repairs of the premises, were negligent[.]" Complaint at 5.

## III. LEGAL STANDARD

Generally, a civil action filed in state court may properly be removed if there is federal subject matter jurisdiction at the time of removal. *See* 28 U.S.C. §§ 1441 (removal), 1331 (federal question jurisdiction), 1332 (diversity jurisdiction). Diversity jurisdiction exists when there is complete diversity of parties and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a). "In determining whether a civil action is removable on the basis of the jurisdiction under section 1332(a)…the citizenship of defendants sued under fictitious names shall be disregarded." 28 U.S.C. § 1441(b). When deciding "whether there is complete diversity, district courts may disregard the citizenship of a non-diverse defendant who has been fraudulently joined." *Grancare, LLC v. Thrower by & through Mills*, 889 F.3d 543, 548 (9th Cir. 2018). "Fraudulent joinder is established…if a defendant shows that an 'individual[] joined in the action cannot be liable on any theory.'" *Id.* (citing *Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1318 (9th Cir. 1998)).

## IV. DISCUSSION

In adjudicating a motion to remand, a Court is allowed to consider evidence presented by the parties on the question of jurisdiction. *Johnson v. Sunrise Senior Living Mgmt., Inc.*, No. CV1600443BRORAOX, 2016 WL 917888, at *4 (C.D. Cal. Mar. 8, 2016) (In ruling on a motion to remand, courts may view whatever evidence has been submitted on the issue to determine whether subject matter jurisdiction exists, including summary judgment-type evidence.") (citation omitted). "The defendant seeking removal to the federal court is entitled to present the facts showing the joinder to be fraudulent." Ritchey v. Upjohn Drug Co., 139 F.3d 1313, 1318 (9th Cir. 1998) (citing *McCabe v. General Foods Corp., 811* F.2d 1336, 1339 (9th Cir.1987)). Here, CVS proffers evidence that Defendant Nakano did not work at the CVS location Plaintiff visited on the date of the alleged incident. Declaration of Ronald Nakano ("Nakano Decl.") at ¶¶ 3, 4 [Dkt. 14-3]. That assertion is undisputed. CVS argues that because Nakano is improperly named as a defendant, his joinder in the action does not defeat diversity. Opposition at 2.

---

[1] Defendants present unchallenged evidence of their Rhode Island citizenship, which the Court accepts. *See* CVS Pharmacy Statement of Information filed with California Secretary of State [Dkt. 1-5]; Garfield Beach CVS, L.L.C.'s Statement of Information filed with California Secretary of State [Dkt. 1-6].

The Court agrees that Nakano's California citizenship cannot defeat diversity because he has no connection to the claims presented. "If the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious…the joinder of the resident defendant is fraudulent." *McCabe v. Gen. Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987) (citation omitted). Thus, Nakano is fraudulently joined and his presence in the action does not destroy complete diversity.

Plaintiff's only remaining argument for remand is that an unidentified store manager with relevant supervisory duties must have worked at the time of her alleged injury, and that this mystery manager must have been a citizen of the state of California. Reply at 7–8. Plaintiff further posits that such a person was sufficiently identified in her Complaint as one of the 50 Doe Defendants. *Id.* While there certainly may be cases where a complaint identifies an unnamed defendant with sufficient particularity to justify a Doe substitution and defeat diversity, that is not the case here. There is nothing specifically alleged regarding any of the Doe Defendants in the Complaint. The primary unpublished case cited by Plaintiff for her proposition is wholly distinguishable on that basis. *See Gallegos v. Costco Wholesale Corp.*, No. CV 20-3250 DMG (GJSX), 2020 WL 2945514, at *3 (C.D. Cal. June 2, 2020) (allegations regarding store manager were sufficient to state a claim for negligence where the manager was identified by his name in the complaint and he admitted he was on duty on the date and at the location of the incident).

For these reasons, the Court disregards Defendant Nakano for purposes of diversity analysis. Federal diversity jurisdiction exists, and remand is therefore improper.

## V. CONCLUSION

The Motion is denied. Defendant Nakano is also dismissed from this action.

**IT IS SO ORDERED.**